UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MATHESON RAY FRIEMON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18CV702 JCH |
| | ) | |
| NATIONAL CARRIERS' CONFERENCE | ) | |
| COMMITTEE and UNION PACIFIC | ) | |
| RAILROAD COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Discovery, filed October 5, 2018. (ECF No. 20). The motion is fully briefed and ready for disposition.

## BACKGROUND

At all relevant times, Plaintiff Matheson Ray Friemon was an employee of Union Pacific Railroad Company ("UPRR"), and a participant in the Maintenance of Way Employees' Supplemental Sickness Benefits Plan (the "Plan"). (Complaint—Employee Retirement Income Security Act ("Complaint" or "Compl."), ¶ 1, second ¶ 5). As such, Plaintiff maintains he was eligible for Supplemental Sickness Benefits ("SSB") under the terms of the Plan. (*Id.*).

On August 9, 2015, Plaintiff sustained injuries in a head-on automobile collision. (Compl., ¶¶ 9-12). On August 11, 2015, UPRR notified Plaintiff via certified mail that he was granted a Medical Leave of Absence. (*Id.*, ¶ 13). Plaintiff alleges UPRR further assisted him with obtaining sickness benefits from the U.S. Railroad Retirement Board. (*Id.*, ¶ 14).

Plaintiff applied for Supplemental Sickness Benefits under the Plan in February, 2016. (Compl., ¶ 15).[1] According to Plaintiff, third party administrator Aetna denied Plaintiff's claim on March 10, 2016.[2] (*Id.*, ¶¶ 6, 16). Plaintiff's appeal of Aetna's decision was denied on June 7, 2016. (*Id.*, ¶¶ 17-20).

Plaintiff filed the instant Complaint on May 3, 2018, against plan administrator National Carriers' Conference Committee ("NCCC"), and UPRR. In Count I of his Complaint, Plaintiff asserts NCCC's denial of benefits was contrary to the terms of the Plan and not based on substantial evidence. (Compl., ¶¶ 21-24). In Count II, Plaintiff lodges a claim of Breach of Fiduciary Duty under 29 U.S.C. § 1132(a)(3) against UPRR. (*Id.*, ¶¶ 25-32). Specifically, Plaintiff alleges as follows:

> 26. Defendant UPRR had exclusive control over the application process for its eligible employees to apply for SSB.
>
> 27. UPRR owed a fiduciary duty to act for the exclusive purposes of providing benefits to its employees with the care and skill and diligence under the circumstances in accordance with the documents and instruments governing the Plan.
>
> 28. UPRR breached its fiduciary duties when it failed to comply with its obligations under 29 U.S.C. § 1104 to act for the exclusive purpose of providing benefits to Plan participants and beneficiaries when they failed to inform Mr. Frieman [sic] of the requirement to apply for SSB within 60 days of the last day worked and failed to provide the necessary paperwork to apply for SSB, even though UPRR approved him for FMLA leave, processed his application for railroad sickness benefits and had actual knowledge of the nature and extent of his disabling injuries.

(*Id.*, ¶¶ 26-28).

---

[1] Plaintiff alleges UPRR failed to notify him of the need to apply for SSB until February, 2016. (Compl., ¶ 15).
[2] Aetna apparently denied the claim as untimely filed.

As noted above, Plaintiff filed the instant Motion for Discovery on October 5, 2018. (ECF No. 20).[3] UPRR counters discovery is not permitted because (1) Plaintiff has not shown and cannot show that UPRR is a fiduciary of the Plan, and (2) Plaintiff has not shown and cannot show that UPRR had a duty either to provide Plaintiff with individual advice or instruction regarding how to file a claim for benefits under the Plan, or to initiate the claim on Plaintiff's behalf.

**DISCUSSION**

When reviewing the denial of benefits under an ERISA plan, "the general rule is that review is limited to evidence that was before the administrator." *Atkins v. Prudential Ins. Co.*, 404 Fed. Appx. 82, 84 (8th Cir. 2010) (internal quotations and citation omitted). *See also Dapron v. Spire Missouri, Inc.*, 2018 WL 3609446, at *6 (E.D. Mo. Jul. 27, 2018) (quoting *Brown v. Seitz Foods, Inc. Disability Benefit Plan*, 140 F.3d 1198, 1200 (8th Cir. 1998)) ("In the context of ERISA claims, additional evidence gathering beyond the administrative record is traditionally prohibited on deferential review, 'to ensure expeditious judicial review of ERISA benefit decisions and to keep district courts from becoming substitute plan administrators.'"). This limitation on discovery does not apply, however, "to claims involving ERISA plans when the claims are for equitable relief under § 1132(a)(3) or for equitable estoppel." *Kostecki v. Prudential Ins. Co. of Am.*, 2014 WL 5094004, at *1 (E.D. Mo. Oct. 10, 2014) (citations omitted). "This is so because these types of actions 'do not benefit from the administrative process.'" *Id.* (quoting *Jensen v. Solvay Chems., Inc.*, 520 F.Supp.2d 1349, 1355 (D. Wyo. 2007)). "Thus, discovery on ERISA-related equitable claims is to be 'governed under traditional federal, circuit, and local procedure.'" *Id.* (quoting *Jensen*, 520 F.Supp.2d at 1356).

---

[3] Plaintiff seeks discovery only with respect to Count II of his Complaint.

As noted above, UPRR asserts discovery is not permitted here, because (1) Plaintiff has not shown and cannot show that UPRR is a fiduciary of the Plan, and (2) Plaintiff has not shown and cannot show that UPRR had a duty either to provide Plaintiff with individual advice or instruction regarding how to file a claim for benefits under the Plan, or to initiate the claim on Plaintiff's behalf. ERISA defines plan fiduciaries as follows:

> Except as otherwise provided in subparagraph (B), a person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan…

29 U.S.C. § 1002(21)(A). The Eighth Circuit has held that "'[t]he term fiduciary is to be broadly construed' and 'consistent with ERISA's policies and objectives.'" *See Dapron*, 2018 WL 3609446, at *6 (quoting *Olson v. E.F. Hutton & Co., Inc.*, 957 F.2d 622, 625 (8th Cir. 1992)).

Upon consideration of the foregoing, the Court finds it would be premature to determine UPRR's fiduciary status at this early stage of the proceeding. *See Dapron*, 2018 WL 3609446, at *6 (citing *In re Xcel Energy, Inc. Sec., Derivative & ERISA Litig.*, 312 F.Supp.2d 1165, 1181 (D. Minn. 2004) (internal quotations and citations omitted) ("[I]t would be premature to determine a defendant's fiduciary status at the motion to dismiss stage of the proceedings, because a determination of fiduciary status based on function is a mixed question of law and fact.")). In other words, the Court's resolution of Plaintiff's claims that UPRR acted as a fiduciary with respect to the Plan, and that it had a duty either to provide Plaintiff with individual advice or instruction regarding how to file a claim for benefits under the Plan, or to initiate the claim on Plaintiff's behalf, would benefit from consideration of facts and circumstances likely outside the administrative record. *Id.* The Court therefore will grant Plaintiff's Motion for Discovery, and

expand the scope of discovery beyond the administrative record with respect to his breach of fiduciary duty claim.[4]

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Discovery (ECF No. 20) is **GRANTED**.

Dated this 26th Day of November, 2018.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

---

[4] The Court finds it unnecessary to require Plaintiff to submit any proposed discovery to the Court for advanced analysis of its propriety. Instead, UPRR may object to Plaintiff's propounded discovery as it finds necessary, and the Court will address any unresolved disputes brought to its attention through the filing of appropriate motions.